USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/19/2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
JANE DOE,

                                  Plaintiff,

-against-

142 GARTH ROAD OWNERS, INC., BLUE WOODS MANAGEMENT GROUP, INC., GREG DELANOY as managing agent and TOWN OF EASTCHESTER,

                                  Defendants.
-------------------------------------------------------------------X

Index No: 25-CV-07940

**DEFENDANTS 142 GARTH ROAD OWNERS, INC., BLUE WOODS MANAGEMENT GROUP, INC. and GREG DELANOY'S MOTION TO SET ASIDE THE CLERK'S ENTRY OF DEFAULT**

MEMO ENDORSED

see pg. 3

On December 10, 2025, and December 17, 2025, respectively, the Clerk of Court entered default against Defendants 142 GARTH ROAD OWNERS, INC., BLUE WOODS MANAGEMENT GROUP, INC. and GREG DELANOY as managing agent (collectively the "Cooperative Defendants"). Pursuant to Federal Rule of Civil Procedure 55(c), the Cooperative Defendants hereby move the Court for an Order setting aside the Clerk's Entry of Default for good cause. First, the Cooperative Defendants' failure to answer the Complaint was not willful. The Cooperative Defendants have been participating in an ongoing investigation with the Westchester Commission on Human Rights regarding plaintiff "Jane Doe's" underlying claims and believed the Complaint was in connection to such investigation. The Cooperative Defendants did not hear anything further about the suit until December 18, 2025 when counsel for co-defendant contacted Defendant DeLanoy directly to advise same that Plaintiff has filed an application seeking default against the Cooperative Defendants and that such entry had been made by the Clerk of Court. At worst, the Cooperative Defendants' conduct was inadvertent and unintentional. Second, the Cooperative Defendants have a meritorious defense to Plaintiff's claims. Namely, the Cooperative Defendants have abided by their governing documents in relation to all transactions and

occurrences as set forth in Plaintiff's Complaint and are protected by the "Business Judgment Rule". Finally, Plaintiff will not suffer any prejudice as a result of setting aside the Clerk's Entry of Default. At most, the impact to Plaintiff of setting aside the entry of default is delay, and delay is not sufficient prejudice to enforce a default. In the alternative, enforcing a default judgment is severely prejudice to the Cooperative Defendants because doing so would burden the Cooperative Defendants with liability for alleged noise complaints that they did not cause or create. Therefore, the Cooperative Defendants respectfully request that the Court set aside the Clerk's Entry of Default, permit the Cooperative Defendants to file their Answer and Affirmative Defenses and litigate the case on its merits.

      The Cooperative Defendants' Motion is based upon their memorandum of law, accompanying proposed answer and affirmative defenses to be filed with the Court and served upon the Plaintiff, the arguments of counsel, as well as all the files, records, and proceedings herein.

Dated: New York, New York
       December 18, 2025

                                         Respectfully submitted,

                                         *Joseph Dimitrov*
                                         Joseph Dimitrov (5553284)
                                         Angela M. Stenroos
                                         Litchfield Cavo LLP
                                         420 Lexington Avenue, Suite 2104
                                         New York, NY 10170
                                         (212) 434-0100
                                         dimitrov@litchfieldcavo.com
                                         *Attorney for Defendants*
                                         *142 GARTH ROAD OWNERS, INC., BLUE WOODS MANAGEMENT GROUP, INC. and GREG DELANOY as managing agent*

TO:
Jane Doe (Via CM/ECF and e-mail: court.10583@gmail.com)
*Pro Se Plaintiff*

Brian S. Sokoloff

Sokoloff Stern LLP
Carle Place, NY 11514
(516) 334-4500
E: bsokoloff@sokoloffstern.com
*Attorney for Defendant*
*Town of Eastchester*

Defendants' motion to vacate the certificates of default entered against them is denied without prejudice to renewal. On a motion to vacate a default pursuant to Federal Rule of Civil Procedure 60(b), the movant must demonstrate that the default was not willful, that a meritorious defense exists, and that vacating the default will not prejudice the non-defaulting party. See Fed. R. Civ. P. 60(b). In the instant application, the movants fail to submit an affidavit or declaration from an individual with personal knowledge addressing each of the relevant factors the Court must consider in resolving such a motion. The Court further directs defense counsel to review and comply with the Court's Individual Practice Rules. The Clerk of Court is directed to terminate the motion at ECF No. 51.
Dated: December 19, 2025
      White Plains, New York

SO ORDERED:

NELSON S. ROMÁN
United States District Judge

**Certificate of Service**

      I hereby certify that a true and correct copy of the foregoing has been served electronically filed with the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing to the following *pro se* Plaintiff and counsel of record, pursuant to the Federal Rules of Civil Procedure:

Jane Doe (Via CM/ECF and e-mail: court.10583@gmail.com)
*Pro Se Plaintiff*

Brian S. Sokoloff
Sokoloff Stern LLP
Carle Place, NY 11514
(516) 334-4500
E: bsokoloff@sokoloffstern.com
*Attorney for Defendant*
*Town of Eastchester*

Dated: New York, New York
       December 18, 2025

Respectfully submitted,

*Joseph Dimitrov*

Joseph Dimitrov (5553284)