USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 08/24/2026

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

JANE DOE,
Plaintiff, Pro Se,
v.
142 GARTH ROAD OWNERS, INC.; BLUE WOODS MANAGEMENT GROUP, INC.;
GREG DELANOY, Managing Agent; and TOWN OF EASTCHESTER, Defendants.

Case No. 25-CV-07940 (NSR)

**LETTER-MOTION FOR LEAVE TO FILE ENLARGED OPPOSITION TO THE COOPERATIVE DEFENDANTS' MOTION TO DISMISS AND FOR LIMITED MODIFICATION OF COURTESY-COPY PROCEDURE**

Via Pro Se Clerk
Hon. Nelson S. Román
United States District Judge
Charles L. Brieant, Jr. Federal Building and Courthouse
300 Quarropas Street
White Plains, New York 10601

Dear Judge Román:

MEMO ENDORSED

Plaintiff respectfully requests advance permission to serve an opposition memorandum to the Cooperative Defendants' Rule 12(b)(6) motion of up to 47 pages and no more than 13,250 words, with the exclusions permitted by Local Civil Rule 7.1(c), or such lesser enlargement as the Court deems appropriate. Plaintiff does not request any extension of the August 24, 2026 service deadline established by the Court's May 18, 2026 Order (ECF No. 103), and does not seek to alter the Cooperative Defendants' September 8, 2026 reply deadline.

Plaintiff makes the request only after substantial efforts to condense the submission. The Cooperative Defendants seek dismissal of the action in its entirety, with prejudice, and also seek attorneys' fees. Their motion relies not only on Rule 12(b)(6) but on an administrative no-probable-cause determination and other materials outside the four corners of the Complaint. A complete response therefore requires issue-specific treatment of the Fair Housing Act reasonable-accommodation and retaliation theories, the scope and preclusive effect of the WCHRC proceeding, survivor-status protections under Westchester law, the Cooperative's inspection and House Rule authority, the business-judgment defense, Counts VII, X, and XI, nuisance and habitability, supervision of the superintendent, governance and decision-making authority, and Defendants' request for fees.

**See Page 2.**

The longer working draft also preserves several later-developed matters relevant to whether dismissal should be with prejudice or whether amendment or supplementation would be futile, including documented survivor-status notice; clarifications concerning the superintendent recordings and the separate unrecorded payment statement; 2025 and 2026 Board-election and continuity records; the completed transfer of Unit 2J after Plaintiff had previously identified concealed flooring, subfloor, and plumbing evidence for preservation; the disputed state-court judgment and subsequent correction/appellate efforts; and the official Town permit record bearing on the physical-remediation and inspection narrative. Plaintiff has deliberately framed those later matters as preservation, discovery, and Rule 15 issues rather than asking the Court to accept unproven inferences as facts.

Plaintiff recognizes that Local Civil Rule 7.1(c) ordinarily limits a computer-prepared opposition to 8,750 words and that Judge Román's general civil practice encourages brevity and ordinarily limits opposition memoranda to 25 pages absent prior permission. The requested 47-page ceiling is not a request for the maximum word count that could theoretically accompany that number of pages; Plaintiff proposes a separate cap of 13,250 words. This is approximately the length necessary to preserve the issue-specific responses without reverting to single spacing, compressed fonts, or omission of matters that directly answer Defendants' sweeping request for dismissal with prejudice and fees. Plaintiff does not oppose a proportionate enlargement of the reply if the Court considers that necessary to avoid prejudice.

Plaintiff also wishes to express her sincere gratitude for the filing accommodation contained in the May 18, 2026 Order (ECF No. 103). That Order directs the Cooperative Defendants to file all parties' motion papers on September 8, 2026, thereby relieving Plaintiff of the burden of separately routing her August 24 opposition through the ordinary pro se docketing process. Plaintiff is grateful for the Court's effort to reduce administrative burden and expense.

For the courtesy copies only, Plaintiff respectfully requests restoration of the same case-specific procedure the Court previously ordered on January 14, 2026. In the January 14 Orders governing the Town motion and the Cooperative Defendants' earlier motion practice, the Court directed the parties themselves to mail two physical copies and email one electronic copy directly to Chambers at the time the papers were served. See ECF Nos. 68-69. Plaintiff personally followed that procedure for her prior opposition. She respectfully requests permission to do the same here: upon serving her opposition on August 24, 2026, Plaintiff would herself mail two bound and tabbed physical courtesy copies and email one electronic courtesy copy directly to Chambers, using the same Chambers procedure previously authorized by the Court.

Plaintiff would continue to serve counsel by email on August 24, 2026. The Cooperative Defendants would remain responsible, as the May 18 Order already directs, for filing all parties' motion papers on ECF on September 8, 2026. Plaintiff's request therefore concerns only who transmits her courtesy copies to Chambers, not who performs the September 8 docket filing. If the Court grants the requested modification, Plaintiff asks that the Cooperative Defendants be relieved of duplicatively printing, mailing, or emailing Plaintiff's own opposition papers to Chambers. If the Court prefers the May 18 procedure to remain unchanged, Plaintiff will of course comply with that Order.

Accordingly, Plaintiff respectfully requests: (1) leave to serve an opposition memorandum not exceeding 47 pages and 13,250 words; (2) no change to the August 24 service deadline or September 8 filing/reply date; and (3) a limited modification of ECF No. 103 restoring, as to Plaintiff's courtesy copies only, the January 14, 2026 procedure under which Plaintiff may herself mail two physical courtesy copies and email one electronic courtesy copy directly to Chambers at the time of service, while the Cooperative Defendants remain responsible for filing Plaintiff's August 24-served papers on ECF on September 8. Plaintiff respectfully thanks the Court for its consideration and for the accommodations already provided.

Respectfully Submitted,

Jane Doe
Plaintiff, Pro Se
142 Garth Rd Apt 1J, Scarsdale, NY, 10583
court.10583@gmail.com
+19173887472
Case No. 25-cv-07940-NSR

August 18, 2026

**Plaintiff's request for leave to file an opposition memorandum not exceeding 47 pages is DENIED. Plaintiff will instead be allowed to file a sur-reply not exceeding 10 pages by October 8, 2026. Briefing shall be amended as follows: (1) The Cooperative Defendants' motion shall be served, not filed, by July 10, 2026; (2) Plaintiff's opposition shall be served, not filed, by August 24, 2026; (3) the Cooperative Defendants' reply shall be served, not filed, by September 8, 2026; and (4) Plaintiff's sur-reply shall be served by October 8, 2026. Plaintiff may send Chambers courtesy copies of her briefs while the Cooperative Defendants remain responsible for filing Plaintiff's opposition and sur-reply on October 8, 2026. The Clerk of the Court is kindly directed to terminate the motion at ECF No. 105.**

**Dated: August 24, 2026**
**White Plains, NY**

SO ORDERED:

HON. NELSON S. ROMAN
UNITED STATES DISTRICT JUDGE